UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE BICKLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No: 4:13CV1504 HEA |
| | ) | |
| MICHAEL S. BOWERSOX, | ) | |
| | ) | |
| Respondent. | | |

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1] on July 31, 2013. On August 28, 2013 Petitioner filed his Amended Complaint [Doc. 4]. Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. 12], on December 19, 2013. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted, as will be discussed in further detail. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## Procedural Background

On January 6, 1999, Petitioner was convicted by jury of first-degree murder and armed criminal. The Twenty-Second Circuit Court trial court, on March 26, 1999, sentenced him to concurrent terms of life imprisonment with parole and life imprisonment without parole in the Missouri Department of Corrections. The Missouri Court of Appeals, Eastern District of Missouri, affirmed his convictions. The Missouri Supreme Court denied his application to transfer on July 17, 2000. The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

Petitioner filed his motion for post-conviction relief, pursuant to Rule 29.15, relative the case on October 2, 2000. Thereafter, the Missouri state trial court entered findings of fact and conclusions of law denying the post-conviction relief motion of Mr. Bickley. Plaintiff/Movant, thereafter, filed a timely notice of appeal to the Missouri Court of Appeals. The Missouri Court of Appeals affirmed the trial court and issued its mandate on November 22, 2006.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on July 31, 2013. Petitioner alleges that 1) the police obtained his confession through the use of coercion; 2) the police obtained his confession in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); 3) the police violated the right to counsel in obtaining his confession; 4) the police violated the right to remain silent

in obtaining his confession; and 5) trial counsel was ineffective for failing to call a

witness and failing to object to testimony.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners

after the statute's effective date of April 24, 1996.  When reviewing a claim that

has been decided on the merits by a state court, AEDPA limits the scope of judicial

review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a state court shall not be granted
> with respect to any claim that was adjudicated on the merits in state
> court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved
> > an unreasonable application of, clearly established federal
> > law, as determined by the Supreme Court of the United
> > States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented
> > in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v.*

*Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by [the U.S. Supreme Court] on a question of law or if the state court
> decides a case differently than [the U.S. Supreme Court] has on a set

of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable

state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Statute of Limitations

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003).

## Discussion

Petitioner was convicted of first-degree murder and armed criminal action on January 6, 1999. The Twenty-Second Circuit Court for the City of St. Louis sentenced Petitioner to concurrent terms of imprisonment for life with parole and life without parole. His convictions were affirmed by the Court of Appeals for the Eastern District of Missouri. His application to transfer was denied by the Missouri Supreme Court on July 17, 2000. Pursuant to United States Supreme Court Rule 13.1, he thereafter had 90 days to file for a writ of certiorari in the

United States Supreme Court.  He did not seek a writ of certiorari.  The one-year

statute of limitations under AEDPA would have started running on October 15,

2000 if he had not been entitled to any tolling. *See Gonzalez v. Thaler*, 132 S.Ct.

641, 653-654 (2012) (judgment becomes final at the expiration of time for seeking

direct review).

Respondent is correct in that Petitioner should receive some tolling under 28

U.S.C. §2244(d)(2).  The one-year statute of limitations for filing a federal habeas

corpus petition is tolled while "a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or

claim is pending…." 28 U.S.C. §2244(d)(2).

Petitioner timely filed his motion for post-conviction relief under Rule

29.15 and the Twenty-Second Circuit Court denied the motion.  The Court of

Appeals affirmed the denial and sent the mandate on November 22, 2006,

concluding the tolling. Bickley had one full year after the mandate of the Missouri

Court of Appeals to file his federal habeas petition.  The statute of limitations

expired on November 22, 2007.

Bickley failed to file this petition until August 23, 2013, almost six

years after the statute of limitations for filing expired. Bickley filed his petition for

habeas corpus well beyond the one-year deadline.

**Procedural Default**

A state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir.1997).

Where a prisoner has defaulted his federal claims creating an independent and adequate state procedural bar, federal habeas review of the claims is barred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner did not raise Grounds 1, 2, or 3 in his direct appeal or appeal from the denial of post-conviction relief. These are, without question procedurally defaulted.

There are instances where a petitioner may overcome the procedural bar. These are where he may demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or that the petitioner is probably actually innocent. *Coleman*, 501 U.S. at 750. A petitioner must show that an "external" impediment prevented him from presenting his claim to the state court in a procedurally proper manner in order to satisfy the "cause" requirement. *Id*. at 753. Petitioner here asserts that ineffective assistance of trial counsel is cause for his failure to exhaust his claims in state court. Ineffective assistance of trial counsel does not explain, or serve to legally excuse in any fashion, why he failed to raise his claims on his direct appeal or post-conviction proceedings. He is still in procedural default.

**Merits Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

proscribes "using federal habeas corpus review as a vehicle to second-guess

the reasonable decisions of state courts." *Parker v. Matthews*, 132 S.Ct. 2148

(2012) (citing *Renico* v. *Lett*, 130 S.Ct. 1855, 1866 (2010)). AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in

> custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim--(1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or (2)
> resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C §2254(d).

In Ground 1 of the petition he asserts that during a sixteen hour

interrogation the police beat him and denied him food and restroom breaks.

The issue was raised in a pre-trial motion to suppress, but at the suppression

hearing, police officers stated that they fed Bickley, did not beat him, and

permitted him to use the bathroom.  Petitioner did not testify or admit any evidence

to contradict their testimony.  The motion to suppress was denied.  There is

nothing supportive of his claims in the record.  The record plainly refutes his

claims. The inculpatory statements were videotaped and the video was devoid of

any violence.  There were no manifest physical signs of violence to Petitioner.  The decision of the trial court is entitled to deference under §2254(d).

There is no allegation or demonstration of how the decision of the Missouri Court of Appeals was a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

Ground 2 sets out an allegation that the police failed to read him a *Miranda* warning before interrogating him and then forced him to sign a *Miranda* waiver before securing a taped confession.  Generally, *Miranda* warnings given after an unwarned confession are ineffective, thus tainting subsequent confessions. *Missouri v. Seibert*, 542 U.S. 600 (2004).  The issue was raised in a pre-trial motion to suppress.  At the suppression hearing, the police  stated  they *Mirandized* Petitioner  before and during his videotaped statement.  He did not testify or admit any evidence to contradict this testimony.  The trial court denied the motion to suppress.

A review of the record again fails to provide anything of measure in support of these claims.  The evidence is contrary to the claims of Petitioner and support the conclusion he was properly *Mirandized*.  He, again too, has failed to demonstrate how the Appellate decision is "a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

In Ground 3 Petitioner alleges that the police ignored his request to call his attorney during his arrest and several times thereafter. Bickley raised the issue in a pre-trial motion to suppress but at the hearing, police officers stated that he did not invoke his right to counsel. Bickley did not testify or admit any evidence to contradict their testimony. The Missouri trial court denied the motion to suppress. Under §2254(d) the trial court's decision is reasonable and entitled to deference.

The allegation set out in Ground 3 is as problematic for Petitioner as his other grounds for relief in that he has not alleged nor shown how the Court of Appeals decision is "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000) and will be denied.

Ground 4 of the Petition was raised by Petitioner in his direct appeal to the Missouri Court of Appeals for the Eastern District of Missouri and was roundly rejected. He asserts here that a detective's statement at trial that Bickley's first statement was not recorded because it was self-serving and a statement that he

"could get up and testify to" violated his right to remain silent. This decision was reasonable, supported by the record and receives the deference it is entitled under §2254(d).

In his last claim for relief, Ground 5 of his petition, he asserts his conviction is unfair because he is innocent but the State investigated the crime poorly and trial counsel was ineffective. He notes that trial counsel was ineffective for failing to call Travis Like and failing to object and request a mistrial "when the State's witness presented testimony which had the effect of compelling petitioner to be a witness against himself. These claims were likewise raised on appeal and rejected, on the merits, by the Appellate court as well.

Upon careful review the determination of the Missouri Appeals Court is reasonable and entitled to deference under §2254(d). Counsel was not ineffective for failing to object to Carroll's testimony because the underlying claim was not meritorious. The comment was not made by the prosecutor and certainly was not a comment on Petitioner's silence. As to witness Like the habeas petition does not allege anything about Like other than that he could "establish an alibi defense". There is no allegation or showing as required pursuant to 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The ground is denied.

## Conclusion

The state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, Petitioner is not entitled to any relief.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural

default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 19th day of July, 2016.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE