UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE ANTONIO BICKLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:13CV1504 HEA |
| | ) |
| MICHAEL S. BOWERSOX, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's *pro se* Motion to Reopen Case [Doc. No. 19]. For the reasons set forth below, the Motion will be denied.

### Procedural Background

On January 6, 1999, Petitioner was convicted by jury of First-Degree Murder and Armed Criminal Action in the Circuit Court of the City of St. Louis, Missouri.  On March 26, 1999, the trial court sentenced him to concurrent terms of life imprisonment with parole and life imprisonment without parole in the Missouri Department of Corrections.  The Missouri Court of Appeals, Eastern District of Missouri, affirmed his convictions. The Missouri Supreme Court denied his application to transfer on July 17, 2000. The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

On October 2, 2000, Petitioner filed his motion for post-conviction relief, pursuant to Rule 29.15, which was denied by the Missouri state trial court.

Plaintiff then filed a timely notice of appeal to the Missouri Court of Appeals. The Missouri Court of Appeals affirmed the trial court and issued its mandate on November 22, 2006.

On July 31, 2013, Petitioner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. On August 28, 2013, Petitioner filed his Amended Complaint. Petitioner alleged that 1) the police obtained his confession through the use of coercion; 2) the police obtained his confession in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); 3) the police violated the right to counsel in obtaining his confession; 4) the police violated the right to remain silent in obtaining his confession; and 5) trial counsel was ineffective for failing to call a witness and failing to object to testimony. On July 19, 2016, the Court denied Petitioner's Motion and concluded that the petition was untimely filed. Petitioner filed his petition for habeas corpus six years after the statute of limitations for filing expired, which is well beyond the one-year deadline. Further, even if the petition were timely filed, Petitioner did not raise Grounds 1, 2, or 3 in his direct appeal or appeal from the denial of post-conviction relief, and therefore, were without question procedurally defaulted. Even with these findings, this Court still proceeded to analyze each of Petitioner's five grounds for relief and found all five to be without merit. Petitioner did not file an appeal.

Now Petitioner comes with the instant motion to reopen his case. Although

Petitioner does not state a legal basis for relief, the Court will construe it pursuant to Rule 60(b).

## Legal Standard

Rule 60(b) provides relief from a final judgment, order or proceeding under circumstances where there has been some mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence, with reasonable diligence, could not have been discovered in time to move for new trial; fraud, misrepresentation, or misconduct by an opposing party; the judgment is void; the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief.

## Discussion

In his Motion, Petitioner attempts to persuade the Court to grant relief from its findings. He has challenged these findings throughout the judicial system, which have continued to be affirmed. Petitioner maintains the same arguments that the police obtained his confession through the use of coercion and unlawfully obtained statements from him. Petitioner states a detective involved in his case was convicted of coercing a statement from someone else. Petitioner also states that his original Motion was denied for only being untimely. However, the Court proceeded its analysis even if it was not untimely. Petitioner did not raise Grounds

3

1, 2, or 3 in his direct appeal or appeal from the denial of post-conviction relief and were procedurally defaulted. Further, each of Petitioner's grounds were without merit. The Court articulated its reasoning in finding that Petitioner was not entitled to a ruling in his favor and found the state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law. Petitioner has not articulated any arguments or facts that would even facially compel relief pursuant to Rule 60(b). Petitioner has not presented anything new, and he is not entitled to any relief.

## Conclusion

Petitioner has not pointed the Court to any mistake so severe as to establish error under Rule 60(b)(6).  Instead, he has reiterated the same arguments which were the basis of his original Motion. Nothing has changed, nor should the Opinion, Memorandum and Order in this matter be altered or amended.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reopen Case [Doc. No. 19] **DENIED**.

Dated this day 15th of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE